IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DARIUS ANDRE HOLMES,    )
                        )
    Petitioner,          )
                        )
v.                      )    CASE NO. CV417-147
                        )             CR415-144
UNITED STATES OF AMERICA )
                        )
    Respondent,         )
                        )

## O R D E R

Before the Court is Petitioner Darius A. Holmes's Motion for Leave to Re-open Habeas Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 25.) In response, the Government filed a Motion to Dismiss Petitioner's Motion to Re-Open Habeas Judgment. (Doc. 26.)[1] For the following reasons, Petitioner's motion (Doc. 25) is **DENIED**, and the Government's motion to dismiss is **GRANTED** (Doc. 26).

## BACKGROUND

In March 2016, a jury found Petitioner guilty of two counts of distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C) and possession of firearms by a convicted felon (armed career criminal) in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1). (CR415-144, Doc. 85.)

---

[1] Unless otherwise stated, all citations are to Petitioner's civil docket on this Court's electronic filing system, CV417-147.

According to the Presentence Investigation Report, Petitioner qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e), and he was subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"). (CR415-144, Doc. 110 at ¶ 42.) According to the PSR,

> the defendant [had] at least three prior convictions for a violent felony (eight counts of aggravated assault, elements clause, paragraph 46) or serious drug offense (six counts of a sale of a controlled substance and one count of possession with intent to distribute cocaine, paragraphs 49, 50, and 53), or both, which were committed on different occasions[.]

(Id.) Petitioner did not object to the findings in the PSR (CR415-144, Doc. 118 at 4), and he was sentenced to 262 months' imprisonment (CR415-144, Doc. 106 at 2). The sentence was comprised of 240 months as to Counts 1 and 2 and 262 months as to Count 3, all to be served concurrently. (Id.)

Petitioner appealed his convictions, arguing there was insufficient evidence to sustain his convictions and that the district court erred by refusing to give an entrapment-defense jury instruction. (CR415-144, Doc. 108; CR415-144, Doc. 122 at 1-2); United States v. Holmes, 681 F. App'x 811, 812 (11th Cir. 2017) (per curiam). The Eleventh Circuit affirmed Petitioner's convictions on appeal. Holmes, 681 F. App'x at 814.

In August 2017, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, in which he argued his counsel were ineffective for failing to object to the

2

findings of his PSR or argue that his ACCA-predicate convictions did not qualify as "crimes of violence" after Johnson v. United States, 576 U.S. 591, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). (Doc. 1 at 4-5.) The Magistrate Judge issued a report and recommendation, explained that "Johnson held that [the] 'residual clause' was unconstitutionally vague[,]" and rejected Petitioner's ineffective assistance claim because he had at least four qualifying ACCA-enhancing predicate offenses. (Doc. 5 at 3, 6-7.) Finding Petitioner's sentence was properly enhanced under the ACCA, this Court adopted the Magistrate Judge's report and recommendation over Petitioner's objection and denied Petitioner's petition. (Doc. 9 at 1-2.)

The Eleventh Circuit denied Petitioner's application for a certificate of appealability, holding that reasonable jurists would not debate this Court's determination that his trial counsel was not ineffective for failing to raise a Johnson objection to his ACCA designation. Holmes v. United States, No. 18-10608-F, 2018 WL 7364872, at *1 (11th Cir. Oct. 29, 2018). The Eleventh Circuit explained that Petitioner "has at least three convictions for serious drug offenses. Specifically, Mr. Holmes has one conviction for possession of cocaine with intent to distribute and six convictions for sale of cocaine, all in violation of O.C.G.A. § 16-13-30(b), (d)." Id.

3

According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at Federal Correctional Institution Jesup located in Jesup, Georgia, with a projected release date of May 6, 2034. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 3, 2023).

**ANALYSIS**

Petitioner asks the Court to reopen the judgment denying him habeas relief pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 25 at 1.) Petitioner argues that in United States v. Jackson, 55 F.4th 846, 849 (11th Cir. 2022), the Eleventh Circuit determined that the "ACCA's 'serious drug offense' definition incorporates the version of the controlled-substances list in effect when the defendant was convicted of his prior state drug offense."[2] (Id. at 1-2.) Based on this authority, Petitioner contends that neither his 2008 nor his 2012 cocaine-related convictions under Georgia law qualify as predicate "serious drug offenses" under the ACCA

---

[2] Petitioner filed a "Notice of Appeal" appealing "the final judgment denying his Fed. R. Civ. P. 60(b)(6)" before the Court could consider and rule on Petitioner's motion. (Doc. 27.) Although the filing of a notice of appeal would normally divest the district court of its control over those aspects of the case involved in the appeal, Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, 103 S. Ct. 400, 402, 74 L. Ed. 2d 225 (1982), the Eleventh Circuit filed a remark indicating that "the notice of appeal was filed before the disposition of a timely tolling motion[]" and that the notice of appeal would become "effective when the order disposing of the motion is entered." (Doc. 31 at 1.)

4

because they punished more conduct than the ACCA's definition of a "serious drug offense" in effect when he was convicted of the prior state drug offenses. (Id. at 1-3.) In response, the Government argues that the "Court lacks jurisdiction over the motion because it is actually an impermissibly successive § 2255 motion filed without prior authorization from the Eleventh Circuit." (Doc. 26 at 1.)

Petitioner's Rule 60(b) motion fails because it constitutes a successive habeas petition over which this Court does not have jurisdiction.[3] Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for" any "reason that justifies relief" other than the more specific circumstances set out in Rules 60(b)(1)-(5). Fed. R. Civ. P. 60(b)(6); Gonzalez v.

---

[3] Although Petitioner only cites Rule 60(b)(6), he argues that the Eleventh Circuit has recognized "that a Rule 60(b)(6) motion can be used to remedy a mistake in the application of the law" and that "[a] change in decisional law creates an extraordinary circumstance[] warranting that a case [can] be reopen[ed.]" (Doc. 25 at 3; Doc. 29 at 1-2.) Petitioner is mistaken. Rule 60(b)(1), not Rule 60(b)(6), "authorizes a court to grant relief from judgments for 'mistake, inadvertence, surprise, or excusable neglect[,]' " and "[this] rule encompasses mistakes in the application of the law." Parks v. U.S. Life & Credit Corp., 677 F.2d 838, 839-40 (11th Cir. 1982) (citations omitted). Notwithstanding, Petitioner's argument is not that the Court mistakenly applied the law, so Rule 60(b)(1) is inapplicable. Further, contrary to Petitioner's assertions, "a change in decisional law is insufficient to create the 'extraordinary circumstance' necessary to invoke Rule 60(b)(6)." Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir. 2014).

5

Crosby, 545 U.S. 524, 529, 125 S. Ct. 2641, 2646, 162 L. Ed. 2d 480 (2005). However, when the underlying judgment is an unsuccessful § 2255 petition, additional considerations apply. "[O]nce a federal prisoner has filed a § 2255 motion that has been adjudicated on the merits, he may not file a second or successive motion without first obtaining authorization from the appropriate United States Court of Appeals." Stewart v. United States, No. CV 1:08-CR-164-LMM, 2017 WL 10185851, at *1 (N.D. Ga. July 19, 2017) (citing 28 U.S.C. § 2244(b)(3)(A), § 2255(h)).

In Gonzalez, the Supreme Court addressed when a Rule 60(b)(6) motion may be considered an unauthorized second or successive habeas petition. 545 U.S. at 532, 125 S. Ct. at 2648. A "Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) 'seeks to add a new ground of relief;' or (2) 'attacks the federal court's previous resolution of a claim on the merits.' " Williams v. Chatman, 510 F.3d 1290, 1293-94 (11th Cir. 2007). "[A] 'claim' . . . is an asserted federal basis for relief from a state court's judgment of conviction." Gonzalez, 545 U.S. at 530, 125 S. Ct. at 2647. The term "on the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief . . . ." Id. at 532 n.4, 125 S. Ct. at 2648 n.4. In contrast, a true Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings," not "the substance of the federal court's resolution of a claim on the

6

merits[.]" Williams, 510 F.3d at 1294. A valid Rule 60(b) motion will "assert[] that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Gonzalez, 545 U.S. at 532 n.4, 125 S. Ct. at 2648 n.4.

Here, Petitioner does not attack "some defect in the integrity" of his prior federal habeas proceedings. Rather, he argues an additional basis for relief pursuant to Jackson. Accordingly, Petitioner's Rule 60(b)(6) motion is more properly construed as a successive § 2255 petition. Because Petitioner has not received authorization to file a second or successive habeas petition from the Eleventh Circuit, this Court lacks jurisdiction to consider his motion. Accordingly, Petitioner's motion (Doc. 25) is **DENIED**, and the Government's motion is (Doc. 26) **GRANTED**.

SO ORDERED this 6th day of July 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA